Peckham, J.
I think this injunction must be dissolved. Even if it be assumed that the court can grant injunctions to restrain publication of a libel (and the English courts have gone to that extent), yet where such jurisdiction is claimed, the courts refuse to exercise it by granting an injunction unless the plaintiff prove the publication to be untrue (Quartz Hill, &c. Mining Co. v. Beall, L. R. 20 Ch. Div. 501).
This decision is made while recognizing the general *429 right to issue an injunction in an action to restrain the publication of a libel (Thorley’s Cattle Food Co. v. Massam, L. R. 14 Ch. Div. 763 ; Thomas v. Williams, Id. 864 ; Hill v. Davies, L. R. 21 Ch. Div. 798).
These decisions are based generally upon the extension of the jurisdiction to issue an injunction, granted by the late judicature acts.
The courts in this State have not gone so far, as I think. But, assuming they have, there is no proof of the falsity of the charge that plaintiff is a delinquent debtor, who can but will not pay. The complaint does not allege its falsity. The counsel for plaintiff, in his argument and brief, admits the truth of the statement that plaintiff can but does not pay.
I do not intend to decide off-hand that an action at law to recover damages for the publication of such a statement may not be sustained. I express no opinion on that question. I do say that, until such action has been sustained, while no denial of the truth of the allegations of ability and omission to. pay is made, an injunction ought not to issue. In any event, not until trial of the action.
The motion to dissolve is granted, with $10 costs in each case.